UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALICIA CINTRON,** | Civ. No. 2:13-cv-7125 (KM) |
| **Plaintiff,** | |
| v. | **OPINION & ORDER** |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on Plaintiff Alicia Cintron's motion for attorneys' fees (ECF No. 25), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner of Social Security ("Commissioner") opposes this motion (ECF No. 28), contending that the amount of attorneys' fees requested is excessive.

In relevant part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

On November 22, 2013, Cintron filed a complaint in this Court appealing the final decision of the Commissioner that denied her claim for Title II Disability Insurance Benefits ("DIB") and Title XVI

1

Supplemental Security Income ("SSI"). (ECF No. 1) On December 2, 2014, this Court remanded the decision of Administrative Law Judge ("ALJ") Richard L. De Steno dated July 6, 2012. (ECF Nos. 22, 23) Therefore, Cintron is a prevailing party under the EAJA.

Pursuant to the EAJA, Cintron's counsel, the Rutgers School of Law–Newark Urban Legal Clinic (specifically, Jon C. Dubin), originally requested attorneys' fees in the amount of $13,671. (Pl. Mot. 25—Proposed Order, ECF No. 25). His application, however, now reflects a net upward adjustment to $14,737.24 (75.19 hours of attorney time at an hourly rate of $196). (Pl. Reply 15, ECF No. 29) Mr. Dubin's adjusted request reflects (1) certain voluntary reductions in requested compensation; (2) 7.25 additional hours for his reply brief on this motion; and (3) one hour for e-mail exchanges between the parties relating to the attorneys' fees application.[1]

The Commissioner does not make any "substantial justification" argument under the EAJA or question Mr. Dubin's calculated hourly rate of $196. Rather, her sole contention is that the amount of time expended on the litigation was excessive. The Commissioner estimates that this case warrants compensation for twenty to forty hours of work.

A court may only award reasonable attorneys' fees under the EAJA. *See* 28 U.S.C. § 2412(d)(2)(A); *see generally Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983) (a court has discretion to deny award of fees that are excessive or unreasonable). In evaluating an EAJA fee application, a court is to apply "traditional equitable principles." *Meyler v. Comm'r of Soc. Sec.*, 2008 WL 2704831, at *2 (D.N.J. July 7, 2008) (citing *Taylor v. United States*, 815 F.2d 249, 252 (3d Cir. 1987)). 28 U.S.C. § 2412(d)(1)(C) itself provides that "[t]he court, in its discretion,

---

[1] The Commissioner did not seek to file any additional objection to items (2) and (3), *i.e.*, the additional 8.25 hours for which Mr. Dubin seeks compensation.

2

may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C).

The party seeking fees has the burden of showing that the dollar amount of the request is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The party opposing a fee request has the burden to submit objections that are specific and well-supported. *See United States v. Eleven Vehicles*, 200 F.3d 203, 211–12 (3d Cir. 2000) ("[A] court may not reduce counsel fees *sua sponte* as 'excessive, redundant, or otherwise unnecessary' in the absence of a sufficiently specific objection to the amount of fees requested.); *Bell v. United Princeton Properties*, 884 F.2d 713, 715 (3d Cir. 1989).

The sole issue here is whether the number of hours Mr. Dubin expended on this litigation was excessive. Specifically, the Commissioner considers unreasonable Mr. Dubin's expenditures of (1) 19.75 hours for his L. Civ. R. 9.1 brief; (2) one hour for reviewing emails and attachments relating to an extension request; and (3) 6.75 hours for this motion for attorneys' fees. I address each of these objections in turn.

### 1. Preparation of L. Civ. R. 9.1 brief

The Commissioner argues that Mr. Dubin's expenditure of 19.75 hours on his L. Civ. R. 9.1 brief (ECF No. 13) is excessive since the brief copies a great deal of material from Mr. Dubin's L. Civ. R. 9.1 letter (ECF No. 10). In his reply, Mr. Dubin voluntarily reduced his request from 19.75 hours to 17.78 hours. (Pl. Reply 9)

The time entries challenged by the Commissioner are as follows:

5/2/14    Additional legal research for brief                  3.75

3

| | | |
|---|---|---:|
| 5/05/14 | Drafting Rule 9.1(e)(1) brief | 5.75 |
| 5/07/14 | medical source and medical and pharmaceutical terms research (2.75); continued drafting/editing of brief (2.50) | 5.50 |
| 5/08/14 | <u>Final editing; corrections; revisions on brief</u> | <u>4.75</u> |
| | TOTAL | 19.75 |

(Pl. Mot. 31) The resulting Rule 9.1 brief was forty pages long. (ECF No. 13) As noted, Mr. Dubin has reduced the hours for which he requests compensation from 19.75 to 17.78.

As the Commissioner points out, much of the brief includes material previously used by Mr. Dubin in the Rule 9.1 letter (ECF No. 10). For example, Point B on page 3 of Mr. Dubin's letter is substantially similar to the same point on pages 18–19 of Mr. Dubin's brief. (*Compare* Rule 9.1 Letter at 3 *with* Rule 9.1 Brief at 18–19) The Commissioner argues that most of the brief's arguments are similar to those made in the letter. Courts have reduced counsel's time charges where a brief, even if substantial, contained "little new material." *Figueroa v. Comm'r of Soc. Sec.*, Civ. No. 09-3601, Slip Op. at 5 (D.N.J. July 12, 2010) (allowing only 14 of the 28 hours billed for review and brief preparation). However, that does not appear to be the case here.

Certainly there are many similarities between the letter and the brief. However, the brief is not so similar to the letter as to suggest that minimal effort was involved in drafting it. *Compare Amparo v. Comm'r of Soc. Sec.*, No. 2:12-CV-6403 KM, 2014 WL 4678033, at *5 (D.N.J. Sept. 18, 2014) (in which I noted that nearly two-thirds of a brief was "copied with virtually no alteration"). The argument section of the brief can be described as a heavily edited version of the letter; although the headings and main points are similar, there are new sentences, new paragraphs, new arguments, new case law, and new record citations in the brief.

None of the brief's sections appear to be fully copied. In addition, the brief includes a nine-page statement of facts and a two and a half-page summary of argument—neither of which were included in the letter.

I therefore will permit 17.78 hours of attorney time for the preparation of the brief.

### 2. Review of email and attachments pertaining to extension request

Next, the Commissioner argues that it was unreasonable for Mr. Dubin to spend one hour reviewing an email and attachments pertaining to an extension request on June 18 and June 19, 2014. In his reply, Mr. Dubin voluntarily reduced that request from one hour to .5 hours for these items. (Pl. Reply 9)

The time entries challenged by the Commissioner are as follows:

| | | |
|---|---|---|
| 6/18/14 | E-mail exchange with Defendant's counsel, S.A.U.S.A. Lauren Myers, Esq., re: her request for extension of time | .25 |
| 6/19/14 | Follow-up E-mail exchange with SAUSA Myers re: her request for extension of time; review of proposed order; review of her letter to court | .75 |
| | TOTAL | 1.00 |

(Pl. Mot. 31)

I see no need to reduce the request further. Two email exchanges including attachments might well require half an hour of an attorney's time. Moreover, the Commissioner did not submit these email exchanges to the Court to aid in this determination.

### 3. Preparation of motion for attorneys' fees

Finally, the Commissioner contends that it was unreasonable for an attorney of Mr. Dubin's expertise to spend 6.75 hours on a routine motion for attorneys' fees under the EAJA. In his reply, Mr. Dubin

5

voluntarily reduced his request from 6.75 hours to 6.41 hours for this item. (Pl. Reply 10)

The time entries challenged by the Commissioner are as follows:

| Date | Description | Hours |
|---|---|---|
| 12/18/14 | Preliminary review/summary of time records; commence preparation of EAJA fee application, declaration, proposed order; research for application | 1.75 |
| 12/19/14 | Continue drafting fee application | 2.25 |
| 12/21/14 | Finalizing/final editing/corrections/final revisions of Fee motion/application and notice of fee motion/application | 2.75 |
| | TOTAL | 6.75 |

(Pl. Mot. 31–32) (As noted, the request has been reduced to 6.41 hours.)

The Commissioner does not lodge any specific objection to the number of hours Mr. Dubin spent compiling this motion, apart from arguing that his request is excessive.

Mr. Dubin's moving brief for attorneys' fees is twenty-four pages long. It includes citations to this Court's remand opinion and case law. It analogizes to other cases in which the Rutgers Urban Legal Clinic has received similar awards of attorneys' fees. Attached to the motion are a proposed order, a declaration, a time log of hours by Mr. Dubin, a copy of Cintron's retainer agreement, and a copy of Judge Chesler's opinion in an analogous case. I do not find it unreasonable for counsel to have spent 6.41 hours producing this work product.

I do note, however, that the work product, and the time expended, may be disproportionate. Lacking any specific objection, I will not reduce it. Counsel should be aware, however, that the Court is well able to assess the nature and quality of counsel's efforts. An application for fees need not be overly elaborate.

An expenditure of 75.19 hours is frankly somewhat high. Under the circumstances, however, I will not find it unreasonable in this case. The Rutgers Urban Legal Clinic did not represent Cintron until her appeal before this Court. (Pl. Mot. 18) Counsel had to examine the case, interview Ms. Cintron, and review the record. The briefing went far beyond mere legal boilerplate. As Judge Chesler reasoned in a previous case involving the Rutgers Urban Legal Clinic: "[T]he quality of the briefs submitted by Plaintiff to this Court was quite good. Perhaps the briefs were done more carefully, even exhaustively, than is typical in Social Security litigation, but that does not make the amounts of time requested unreasonable. Plaintiff's counsel should not be penalized for doing careful work." *Thomas v. Comm'r of Soc Sec.*, Civ. No. 07-4779 (SRC), Slip. Op. at 6 (D.N.J. Apr. 7, 2011) (awarding $29,757 based on 163.50 attorney hours to the Rutgers Urban Legal Clinic). I will not penalize careful work. As I have observed in previous cases, however, lawyers who have gained expertise in the Social Security field should maintain a brief bank of recurring legal issues.

## ORDER

For the foregoing reasons,

**IT IS** this 25th day of June, 2015,

**ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 25) is GRANTED; and it is further

**ORDERED** as follows:

1. Plaintiff's attorneys are awarded their reasonable attorneys' fees and costs, pursuant to the Equal Access to Justice Act.

2. Such fees are awarded at a rate of $196 per hour, for a total of 75.19 hours, resulting in a total award of $14,737.24.

3. Such fees may be paid directly to Plaintiff's attorneys, pursuant to the executed assignment submitted with their motion.

_____
**KEVIN MCNULTY**
**United States District Judge**

8